IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONIS DENBY | § | |
| v. | § | CIVIL ACTION NO. 6:14cv226 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Donis Denby, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Denby states that he was charged with the disciplinary offense of sexual abuse on December 17, 2013, even though the alleged incident had occurred in June of 2010. He notes that TDCJ regulations require that charges be brought within 30 days of the date of the incident, but when he pointed this out at the hearing, the hearing officer responded that on June 28, 2013, Denby had pleaded guilty to a criminal case based on the same incident, an alleged sexual assault of an individual named William Bess. Denby told the hearing officer that he did not plead guilty in the criminal case because he was guilty, but because the State waited three years to indict him, after all of the witnesses and evidence in his favor was lost.

As a result of the disciplinary case, Denby states that a "predator code" was placed on his record, he was placed in administrative segregation and reduced in classification status from State

Approved Trusty III to Line Class I, he received 45 days of cell restriction when the maximum which can be given to inmates in administrative segregation is 15 days, and he lost 350 days of good time credits. Denby acknowledged that he is not eligible for release on mandatory supervision.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge, citing *Sandin v. Connor*, 115 S.Ct. 2293, 2301 (1995), concluded that Denby failed to show the deprivation of any constitutionally protected liberty interests as a result of the punishments imposed in this disciplinary case. Denby has filed objections to the Magistrate Judge's Report.

In his objections, Denby first asserts that he was denied the process he was due under *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, the *Wolff* requirements apply only where a deprivation of a constitutionally protected liberty interest has occurred. *Sandin*, 115 S.Ct. at 2302. Denby has not shown such a deprivation.

Next, Denby argues that the three and a half year delay in bringing the disciplinary charges is an atypical and significant hardship in relation to the ordinary incidents of prison life. The "atypical and significant hardship" clause in *Sandin* refers to the deprivations imposed by the challenged disciplinary case, not the circumstances of the case. As the Magistrate Judge determined, none of the punishments imposed by the disciplinary case deprived Denby of a constitutionally protected liberty interest or amounted to an atypical or significant hardship in relation to the ordinary incidents of prison life. *See Sandin*, 115 S.Ct. at 2301 (discussing whether placement in segregated confinement presented "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"). This objection is without merit.

Third, Denby contends that the Magistrate Judge erred in concluding that he did not have a constitutionally protected liberty interest in his good time credits. He concedes that he is not eligible for release on mandatory supervision but says that the Magistrate Judge misconstrued his claim; rather than arguing that he was deprived of release on parole, Denby states that he was deprived of his previously earned "right to eligibility" for release on parole.

2

There is no liberty interest in simply being eligible for parole. *Maldonado v. Collier*, 266 Fed.Appx. 375, 2008 WL 467813 (5th Cir., February 22, 2008) (no due process claim for an improper extension of a prisoner's parole eligibility date because there is no constitutionally protected interest in parole or the procedures attendant to parole decisions), *citing Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997). In *Parks v. Perry*, 273 Fed.Appx. 366, 2008 WL 1709001 (5th Cir., April 10, 2008), the Fifth Circuit held that a prisoner who is not eligible for release on mandatory supervision has no liberty or property interest in his good time credits even where his parole eligibility date is set by statute. Because Denby lacks a constitutionally protected liberty interest in parole eligibility, this objection is without merit.

Similarly, Denby maintains that he has a liberty interest in his classification status because his reduction to Line Class I affected his parole eligibility. The Fifth Circuit has stated that a reduction in line-class status, resulting in the loss of a chance for parole, does not implicate due process concerns because Texas prisoners have no constitutional expectancy of parole. *Williams v. Dretke*, 306 Fed.Appx. 164, 2009 WL 62223 (5th Cir., January 12, 2009), *citing Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). This objection lacks merit.

After again arguing that he has a liberty interest in parole eligibility, Denby asserts he has shown that he was subjected to conditions representing an atypical and significant hardship because he has been exposed to unsanitary floodings and burnings, as well as to confinement in a single cell with the lights burning around the clock and a high level of noise. The Fifth Circuit has held that a prisoner's placement in lockdown in cells next to psychiatric patients who scream, beat on metal toilets, short out the power, flood the cells, throw feces, and light fires did not set out a due process claim relating to the prisoner's classification status. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). The Magistrate Judge correctly determined that Denby's allegations concerning the conditions of confinement did not show the extraordinary circumstances required to demonstrate the violation of a constitutionally protected liberty interest for purposes of a due process challenge. *See Wilkinson v. Austin*, 125 S.Ct. 2384, 2394 (2005); *Hernandez v. Velasquez*, 522 F.3d 556, 562-64

(5th Cir. 2008); *see also Flores v. Livingston*, 405 Fed.Appx. 931, 2010 WL 5298824 (5th Cir., December 27, 2010) (rejecting due process claim to conditions of confinement where the allegations "did not come close" to the allegations in *Wilkinson*). Nor has Denby shown that the placement of a "predator code" in his prison records implicated a protected liberty interest. *See Johnson*, 110 F.3d at 309. Denby's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Donis Denby is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 10th day of November, 2014.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**